UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| RANDALL L. DYKES | CIVIL ACTION NO. 07-1981 |
| VERSUS | JUDGE MELANÇON |
| TRANSOCEAN OFFSHORE U.S.A., INC., TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., and TRANSOCEAN, INC. | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Before the Court are Randall L. Dykes's ("Dykes" or "plaintiff") Motion to Remand and for Attorneys' Fees and Memorandum in Support thereof [Rec. Doc. 5] and Transocean Offshore U.S.A., Inc. ("TOUSA"), Transocean Offshore Deepwater Drilling, Inc. ("TODD"), and Transocean, Inc.'s ("Transocean") (collectively, "defendants") Opposition to plaintiff's Motion [Rec. Doc. 9]. For the reasons stated below, plaintiff's Motion [Rec. Doc. 5] will be **GRANTED IN PART** and **DENIED IN PART**.

### I. BACKGROUND

In September of 2006, Dykes was offered and accepted employment with Transocean or one of its subsidiary companies and was assigned to work on the *C. Kirk Rhein, Jr.*, a mobile off-shore drilling unit which was stationed at a repair yard in Dubai in the United Arab Emirates. On October 24, 2006, during the course and scope of his employment, plaintiff was allegedly injured when he fell into an empty mud tank on the deck of the *C. Kirk Rhein, Jr.* On October 11, 2007, plaintiff filed

suit against defendants in the Sixteenth Judicial District Court in and for the Parish of St. Mary, State of Louisiana, asserting causes of action under " . . . the Jones Act, the substantive provisions of the general maritime law of the United States, including the warranty of unseaworthiniess, [. . .] and under any other federal or state statute which may be applicable, including, in the alternative, 33 U.S.C. §905(b), should the petitioner be held not to be a seaman within the meaning of the Jones Act."[1]

Defendants removed the state court action to this Court alleging diversity jurisdiction premised on their claim that plaintiff's Jones Act cause of action is not viable and that TOUSA, a non-diverse defendant, was improperly joined to defeat removal. Plaintiff now seeks remand of this action to the state court and attorneys' fees for wrongful removal.

## II.  LAW & ANALYSIS

*A.     Remand*

Over a century ago, the United States Supreme Court stated that ". . . the Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction." *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186 (1907). In this case, defendants allege that plaintiff has fraudulently pled a cause of action under the Jones Act and has improperly joined TOUSA, a non-

---

[1] *State Court Petition* [Rec. Doc. 1-2]

diverse defendant, solely for the purpose of thwarting this Court's jurisdiction. Plaintiff, conversely, avers that he was a seaman assigned to the *C. Kirk Rhein, Jr.* and was in the course and scope of his employment with one or all of the defendants, including TOUSA, at the time of his injury. As such, he alleges that his Jones Act claim is viable as to all defendants and removal was improper.

Title 28, Section 1441(a) states that, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed." 28 U.S.C. §1441. Federal district courts have original "diversity" jurisdiction over suits between citizens of different states, if the amount in controversy exceeds $75,000, and original "federal question" jurisdiction in matters ". . . arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1332; 28 U.S.C. §1331. Federal question claims may be removed ". . . without regard to the citizenship or residence of the parties," while diversity actions are removable ". . . only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id*. In this case, the only alleged basis for federal jurisdiction is diversity.[2]

---

[2] The Court notes that it is unlikely that federal question jurisdiction is present in this case. *See Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354 (1959) (*abrogated on other grounds*)(holding that a general maritime claim does not fall within the Court's federal question jurisdiction although it arises under the Constitution); *Richendollar v. Diamond M Drilling Co.*, 784 F.2d 580, 583 (5th Cir. 1986) (recognizing that a claim under §905(b) does not automatically raise a federal question under 28 U.S.C. §1331; rather the nature of the underlying claim must be considered to determine whether there is federal subject matter jurisdiction*); Parker v. S. La. Contractors, Inc.*, 537 F.2d 113, 118 (5th Cir. 1976) (highlighting that the passage of §905(b) "neither expanded nor constricted" the

"As a general rule, [. . .] Jones Act cases are not removable" even if complete diversity exists. *Hufnagel v. Omega Serv. Indus., Inc.*, 182 F.3d 340, 345 (5th Cir. 1999); *Burchett v. Cargill Inc.*, 48 F.3d 173, 175 (5th Cir. 1995); 46 U.S.C. §30104(a) (incorporating the general provisions of Federal Employers' Liability Act, including 28 U.S.C. §1445(a), which bars removal).  However, when a Jones Act claim is fraudulently pled or improperly joined, it will not bar removal if the Federal court would otherwise have jurisdiction. *Burchett*, 48 F.3d at 175; *Lackey v. Atl. Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993).  A threshold matter, then, in determining the propriety of the motion to remand in this case is whether this Court would have jurisdiction in the absence of plaintiff's Jones Act claim.  If there is no jurisdiction, a ruling on the merits of defendants' improper joinder claims by this Court would be inappropriate and this matter should be remanded to state court.

Seemingly, this case, even in the absence of the Jones Act claim, is non-removable as TOUSA is a resident of the state in which the action was filed and is a non-diverse defendant.  However, the defendants allege that TOUSA, the sole non-diverse defendant, was improperly joined solely to defeat jurisdiction.  In support of this contention, the defendants submit affidavits and other evidence purporting to show that TOUSA, as well as the other named defendants, did not have ". . . a

---

boundaries of maritime jurisdiction, and likewise failed to create a new federal cause of action cognizable under federal question jurisdiction). However, as the only alleged basis for jurisdiction is diversity and the parties have not briefed the possibility of federal question jurisdiction, the issue is not before the Court.

4

connection to or an employment relationship with the plaintiff."[3]  Contrarily, plaintiff has submitted evidence in support of his Motion to Remand [Rec. Doc. 5] purporting to establish, among other things, an employment relationship with the named defendants.

When a claim of improper joinder is made in opposition to remand, the removing party bears a heavy burden as the doctrine of improper joinder is "narrow exception" to rule of complete diversity. *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)).  The starting point for analyzing claims of improper joinder must necessarily be the statues authorizing removal. *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).  The removal statutes, cited *supra*, entitle a defendant alleging diversity jurisdiction to remove unless an in-state defendant has been *properly* joined.  "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Id*.  Given this focus, the United States Court of Appeal for the Fifth Circuit has recognized two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id., quoting Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003).  Only the second method is apropos to the resolution of the instant motion.

---

[3]  *Defendants' Opposition to Remand* [Rec. Doc. 9], pg. 6.

To demonstrate the plaintiff's inability to establish a cause of action against the non-diverse defendant, the party alleging improper joinder must show ". . . that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* In deciding if the defendant has carried its burden, a court may conduct a Rule 12(b)(6) type analysis, looking initially at the allegations of the complaint to determine whether it states a claim against the in-state defendant, or a court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Id.* District courts have been cautioned that, while the procedure necessary in a given case lies within the trial court's discretion, summary inquiries are only appropriate to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. *Id.* These inquiries should not entail substantial hearings as attempting to proceed beyond a summary inquiry carries a heavy risk of moving the court beyond a jurisdictional analysis and into an improper resolution of the merits. *Id*.

Wary of the need to avoid resolution of the entire case based on a motion to remand, in *Smallwood*, *supra*, the United States Fifth Circuit Court of Appeal held that when a showing that compels a holding that plaintiff has no reasonable basis for recovery against the in-state defendant necessarily compels the same result for the non-resident defendants, "there is no improper joinder; there is only a lawsuit

6

lacking merit. In such cases, it makes little sense to single out the in-state defendants as 'sham' defendants and call their joinder improper. In such circumstances, the allegation of improper joinder is actually an attack on the merits of plaintiff's case as such – an allegation that, as phrased by the Supreme Court in *Chesapeake & O.R. Co. v. Cockrell*, 'the plaintiff's case [is] ill founded as to all the defendants.' " *Id.*, *quoting Chesapeake & O.R. Co. v. Cockrell*, 232 U.S. 146, 153 (1914). Based on this logic, the Fifth Circuit stated that in cases where the argument for improper joinder is an equally applicable defense to both in-state and diverse defendants, the defendant fails to carry his burden of proving improper joinder and the case should be remanded to state court for further consideration.

In this case, if defendants are to be believed, TOUSA's lack of relationship or connection to the plaintiff is a trait shared by all defendants - regardless of citizenship. Defendants claim that plaintiff's employer was Transocean Deepwater, Inc., an entity completely separate from any of the named defendants. Were the Court to find this allegation to be true in the context of this motion to remand, there is no doubt that defendants, citing the law of the case, would soon thereafter file a dispositive motion seeking to dismiss plaintiff's action against the diverse defendants as well. This is precisely the type of situation the Fifth Circuit sought to avoid with its ruling in *Smallwood*. Defendants' allegation of improper joinder is, in reality, an attack on the merits of plaintiff's case as a whole. Accordingly, under *Smallwood*, TOUSA was not improperly joined, and, because TOUSA is an in-state, non-diverse

7

defendant, this Court lacks jurisdiction to resolve this matter and will remand the case to state court for adjudication and resolution.

*B.     Attorneys' Fees*

In his motion to remand, plaintiff also prays for an award of attorneys' fees and costs pursuant to 28 U.S.C. §1447(c). That section states, in pertinent part, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Although §1447(c) permits an award of attorneys' fees, it provides little guidance on when such fees are warranted. Recently, in the case of *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), the United States Supreme Court provided the proper standard for awarding attorneys' fees when remanding a case to state court.

In *Martin*, the Supreme Court noted that an award of attorneys' fees is not mandatory. Further, it noted that there is no strong presumption in favor of or against an award. Instead, the Court found that ". . . the standard for awarding attorney's fees should turn on the reasonableness of the removal," and that "[a]bsent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin*, 546 U.S. at 141 *(*citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)). The defendants' motive in removing is not considered; only whether defendants' had

an objectively reasonable basis for the removal. *Yount v. Lafayette Ins. Co.,* 234 Fed. Appx. 245 (5th Cir. 2007) (citing *Valdes*, 199 F.3d at 292).

Applying the precepts announced by the Supreme Court and the Fifth Circuit, the Court cannot say that the defendants had no objectively reasonable basis for removal. The defendants presented a well researched brief containing several issues of law and fact which bear close scrutiny concerning the viability of the plaintiff's Jones Act claim and the liability of the named parties in this case, including TOUSA.[4] Accordingly, the Court cannot, and will not, award plaintiff attorneys' fees under §1447(c).

### III. CONCLUSION

The joinder of TOUSA was not improper under the facts of the case, and, thus, TOUSA will not be dismissed. As TOUSA is an in-state, non-diverse defendant, the Court lacks jurisdiction in this matter even in the absence of plaintiff's Jones Act claim. Accordingly, plaintiff's Motion to Remand [Rec. Doc. 5] will be **GRANTED** and this action will be **REMANDED** to Sixteenth Judicial District Court in and for the Parish of St. Mary, State of Louisiana. However, as the Court finds that the defendants did not lack an objectively reasonable basis for removal, plaintiff's Motion for Attorney's Fees will be **DENIED**.

---

[4] This is not to say that the Court would have, or would not have, ruled in favor of the defendants on these issues. The Court does not express an opinion on the merits of the either the plaintiff's or defendants' claims concerning the viability of the Jones Act claim or the liability of the named parties. These issues are left for the State Court to consider.